# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM G. SALMONS, JR., )<br>)<br>Movant, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | No. 2:12-CV-04214-NKL<br>Crim. No. 2:10-CR-04022-NKL-1 |

**ORDER**

Before the Court is William Salmons, Jr.'s *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the reasons set forth below, Salmons' motion is DENIED.

**I.     Background**

Salmons pled guilty to conspiracy to possess pseudoephedrine knowing that it would be used to manufacture methamphetamine, the first count of a 59-count indictment. In accordance with a written plea agreement, the remaining counts against Salmons were dismissed on the Government's motion at sentencing. In the plea agreement, the parties stipulated that Salmons' base offense level for determining his guideline sentence would be 32. The parties also agreed that Salmons had accepted responsibility for his conduct, but they did not otherwise agree to any specific offense characteristics or adjustments. The Presentence Investigation Report ("PSR")

1

recommended a three level reduction in offense level for acceptance of responsibility and a four level increase for Salmons' role as an organizer or leader of the conspiracy. After determining that Salmons had a criminal history category of V and a total offense level of 33, the PSR proposed a guideline sentencing range of 210 to 240 months.

At sentencing, the Court adopted the facts and conclusions of law contained in the PSR. Defense counsel initially objected to the increase for Salmons' role as an organizer, but withdrew the objection after learning that one of the co-defendants involved in the conspiracy was present and ready to testify about Salmons' role in the offense. The Court nonetheless departed downward from the guideline sentencing range because Salmons had demonstrated a commitment to rehabilitation and Salmons' sentencing range was disproportionately high compared to the other co-defendants in the case. Consequently, Salmons received a sentence of 180 months.

Salmons timely filed the present motion, in which Salmons challenges his sentence on four grounds. Salmons claims that defense counsel provided ineffective assistance by: (1) failing to adequately investigate the case or develop any theory of defense; (2) not filing a motion to suppress certain statements made by Salmons; and (3) not calling character witnesses at sentencing. In addition, Salmons claims that the Court imposed an unlawful sentence because Salmons' status as an organizer was not established by a preponderance of the evidence, no evidence supported the baseline offense level of 32, and the Court failed to consider any mitigating role adjustments.

II.     Discussion

### A. Evidentiary Hearing Standard

An evidentiary hearing on a 28 U.S.C. § 2255 motion is necessary unless the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008). Thus, a claim under § 2255 may be summarily dismissed without an evidentiary hearing if it is insufficient on its face or the record affirmatively refutes the factual allegations contained in the motion. *Id.* Accordingly, an evidentiary hearing is not required if the allegations in the motion "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995). Upon review of the motion, files, and records, all of Salmons' claims can be fully and fairly evaluated on the existing record and no evidentiary hearing is required.

### B. Ineffective Assistance of Counsel

To succeed on a claim of ineffective assistance of counsel, the movant must prove both: (1) that defense counsel's representation was deficient; and (2) that the deficient performance prejudiced the movant's case. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Failure to prove "either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700. Thus, it is not necessary to examine these components in any particular order "or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. To establish deficient performance,

the movant must show that "the lawyer's performance was outside the range of professionally competent assistance." *Cox v. Norris*, 133 F.3d 565, 573 (8th Cir. 1997). On this issue, "[j]udicial scrutiny of counsel's performance must be highly deferential" and the Court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

To establish prejudice, the movant "must show that, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding would have been different." *Cox*, 133 F.3d at 573. In a case where the movant pled guilty, the test for prejudice is whether "there is a reasonable probability that, but for counsel's errors, [the claimant] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Missouri v. Frye*, 132 S. Ct. 1399, 1419 (2012). In many guilty plea cases, this determination will depend on the likelihood that defense counsel would have made a different recommendation about the plea if not for the alleged deficiency. *See Hill*, 474 U.S. at 59. This showing may, in turn, depend on whether the claimant can prove that she was objectively likely to succeed at trial. *Id.*

Salmons first claims that defense counsel failed to investigate the case, develop a theory of defense, or challenge the prosecution's case. While Salmons makes several conclusory allegations regarding defense counsel's purported deficiencies, Salmons does not suggest that a more thorough investigation would have revealed a viable defense in light of the overwhelming evidence against him. This evidence is set out in the factual basis section of the plea agreement and included pharmacy logs, video surveillance

4

footage, and Salmons' own admissions to the police. [Crim. Doc. # 120 at 2-4]. At sentencing, this factual basis was repeated and Salmons testified that it was an accurate account of the evidence against him and that he did indeed commit the acts described therein. [Crim. Doc. # 219 at 18-19]. In addition, defense counsel was concerned about the co-defendants who were cooperating with the prosecution and would have testified against Salmons at trial. [Doc. # 10-1 at 1]. Yet Salmons has not identified any witness or evidence that defense counsel could have discovered through further investigation that might have undermined the strength of the prosecution's case. Consequently, Salmons' first claim fails to show prejudice because it does not appear that any amount of further investigation by defense counsel might have changed counsel's recommendation that Salmons accept the plea bargain or Salmons' decision to do so. *See Hill*, 474 U.S. at 59.

Salmons next claims that defense counsel was deficient for failing to move to suppress incriminating statements Salmons made to detectives while under arrest for a different offense. Defense counsel avers that he discussed this option with Salmons but advised that the motion was not likely to succeed and, even if it did, the other evidence was more than sufficient to result in a conviction. [Doc. # 10-1 at 1]. Failing to raise an issue that is without merit does not constitute deficient performance. *See, e.g.*, *Garrett v. United States*, 78 F.3d 1296, 1305 (8th Cir. 1996). Defense counsel also discussed the relative merits of filing the motion to suppress versus attempting to get sentencing reductions for acceptance of responsibility and/or cooperation. [Doc. # 10-1 at 1]. None of the allegations in Salmons' motion suggest that defense counsel's appraisal of the

5

circumstances and strategic advice on this issue fell outside the wide range of reasonable professional assistance. Consequently, Salmons' second ineffective assistance claim fails because it does not show deficient performance.

Finally, Salmons claims that defense counsel failed to argue for additional sentencing reductions which Salmons ought to have received. Salmons first argues that counsel should have argued for and obtained reductions for acceptance of responsibility and/or a mitigating role in the offense because Salmons' statements led to the arrest and conviction of Salmons and all of the other co-conspirators. But Salmons in fact received the maximum available reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1; [Crim. Doc. # 173 at 10]. With respect to the mitigating role reduction, this only applies where the defendant "was a minimal . . . [or] minor participant in any criminal activity." U.S.S.G. § 3B1.2. Consequently, this reduction was not applicable in Salmons' case. Although Salmons ultimately confessed to his role in the conspiracy, this does not change the fact that, prior to his confession, he was an organizer or leader of the conspiracy. *See* [Crim. Doc. # 173 at 10]. Defense counsel thus did not err by not arguing that Salmons deserved a mitigating role reduction based on his confession. Consequently, Salmons has not shown that defense counsel's performance was deficient with respect to either the acceptance of responsibility reduction or the mitigating role reduction.

Salmons also claims that defense counsel was deficient at sentencing for failing to present additional character evidence showing Salmons' self-imposed rehabilitative steps. But defense counsel filed a sentencing memorandum detailing the rehabilitative efforts

Salmons undertook while in the custody of the Missouri Department of Corrections and attached seventeen pages of exhibits showing Salmons' progress in this regard. [Crim. Doc. # 200]. Salmons also spoke at his sentencing [Crim. Doc. # 218 at 4-5], and the Court found the evidence of Salmons' commitment to improving his life sufficient to warrant a thirty-month downward departure from the low-end of the guideline sentencing range [Crim. Doc. # 218 at 9]. Salmons has not presented any facts suggesting that additional character evidence, such as testimony from his family members, was reasonably likely to produce an even larger downward departure. As such, this ineffective assistance claim fails because Salmons has not shown prejudice.

### C. Unlawful Sentence

Salmons' fourth and final claim is that the Court imposed an illegal sentence because Salmons' status as an organizer was not established by a preponderance of the evidence, no evidence supported the baseline offense level of 32, and the Court failed to consider mitigating role adjustments. Salmons' plea agreement provided:

> The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" includes a sentence imposed in excess of the statutory maximum, but does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence.

[Crim. Doc. # 120 at 13]. On appeal, the Eighth Circuit upheld and enforced both the plea agreement and appeal waiver, which the record shows Salmons entered into knowingly and voluntarily. *United States v. Salmons*, 470 Fed. App'x 527, 528 (8th Cir.

7

2012). All of Salmons' allegations under his illegal sentence claim are thus barred by the waiver Salmons agreed to in the binding plea agreement.

Furthermore, even absent the waiver, Salmons' allegations are without merit. As discussed above, the Court gave Salmons the maximum possible reduction for acceptance of responsibility and Salmons was not entitled to a mitigating role adjustment. With respect to the baseline offense level, the parties stipulated to an offense level of at least 32 based on the amount of pseudoephedrine involved in the offense conduct [Doc. # 120 at 8] and Salmons offers no persuasive reason why the Court was bound to depart from this agreement. Regarding Salmons' role as an organizer, the PSR thoroughly described the offense conduct [Doc. # 173 at 5-9] and found that "Salmons recruited codefendants, organized and planned pseudoephedrine purchasing trips, collected the pseudoephedrine from the codefendants, and also cooked the methamphetamine" [Doc. # 173 at 10]. As a result, the PSR concluded that Salmons' role as an organizer or leader warranted an increase in offense level and Salmons suggests no reason why the Court erred in adopting this conclusion. In fact, although defense counsel initially objected to this finding in the PSR, defense counsel withdrew the objection, after consulting with Salmons, upon learning that one of Salmons' codefendants was present and ready to testify regarding Salmons' role in the charged offense. [Doc. # 10-1 at 2].

### D. Certificate of Appealability

The Court will issue a certificate of appealability only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For

8

the reasons discussed above, Salmons has not made a substantial showing of the denial of a constitutional right.  Consequently, the Court does not issue a certificate of appealability in this case.

## III. Conclusion

For the reasons set forth above, William Salmons, Jr.'s *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Doc. # 1] is DENIED.

s/ NANETTE K. LAUGHREY  
NANETTE K. LAUGHREY  
United States District Judge

Dated: January 14, 2013  
Jefferson City, Missouri

9

Case 2:10-cr-04022-NKL   Document 245   Filed 01/14/13   Page 9 of 9